UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

YMAX COMMUNICATIONS CORP.,

Plaintiff,

v.

AT&T CORP. AND BELLSOUTH LONG
DISTANCE, INC.,

Defendants.

Case No.  4:10-CV-4115-CW

## STIPULATED PROTECTIVE ORDER

WHEREAS, discovery in the above-referenced matter may involve the disclosure of certain documents, things, testimony and information that constitute or contain trade secrets or other confidential commercial information within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."); and

WHEREAS Plaintiff YMax Communications Corp. ("YMax") and Defendants AT&T Corp. ("AT&T") and BellSouth Long Distance, Inc. ("BellSouth") (collectively, "Defendants"), by their attorneys, respectfully submit this Protective Order to prevent unnecessary dissemination or disclosure of such confidential information.

As used herein, the term "Parties" shall mean YMax, AT&T, BellSouth, and any other person or entity now or hereafter made a party to the litigation, collectively.  "Party" shall mean any party to the above referenced matters.  The term "Signatory" shall mean any person who has agreed to be bound by the provisions of this Protective Order.  The term "Producing Party" shall mean any Party that produces documents in the above-captioned matters.  The term "Receiving Party" shall mean any Party to whom a Producing Party produces documents in the above-captioned matters.

IT IS HEREBY ORDERED as follows:

1.      This Protective Order shall apply to all information, documents, testimony and things within the scope of discovery of the above referenced action that are in the custody or possession of the Parties and/or which were received by a Party from a third party under an obligation of confidentiality, which constitute or contain confidential financial, commercial, marketing or business information, trade secrets, know-how or proprietary data relating to financial, commercial, marketing, business and other subject matter within the meaning of Rule 26(c)(1)(G), and which is properly designated as "CONFIDENTIAL INFORMATION" pursuant to the following provisions by the Producing Party, including, but not limited to, documents and things responsive to requests for production of documents, responses to written interrogatories, responses to requests for admission, testimony adduced at depositions, and hearing or trial transcripts.   "ATTORNEYS' EYES ONLY INFORMATION" ("AEO INFORMATION") is CONFIDENTIAL INFORMATION and shall mean trade secrets, Customer Proprietary Network Information ("CPNI"), or material of such a highly competitive nature, that disclosure could cause harm in the marketplace.   CONFIDENTIAL INFORMATION includes any information designed as "CONFIDENTIAL TECHNICAL INFORMATION" pursuant to the procedures set in Paragraph 2.

2.      The Producing Parties shall label or mark documents, portions of documents, answers to interrogatories, responses to requests for admission, depositions, affidavits, expert reports, legal briefs or memoranda, and information derived therefrom (hereinafter "documents and things") that constitute or contain CONFIDENTIAL  INFORMATION with the legend "CONFIDENTIAL MATERIAL," "CONFIDENTIAL," or "ATTORNEYS' EYES ONLY." Documents and things that constitute or contain CONFIDENTIAL INFORMATION or AEO

INFORMATION shall be labeled or marked with the appropriate legend when the document or thing is produced to the Receiving Party.  The designations of "CONFIDENTIAL MATERIAL" or "CONFIDENTIAL" by a Party constitutes the representation of the Producing Party that it reasonably and in good faith believes that the designated material constitutes or discloses trade secrets, know-how, proprietary data or commercial information within the meaning of Rule 26(c)(1)(G) that has previously been maintained in confidence, or, if newly created, will be maintained in confidence.  Similarly, a designation of "ATTORNEYS' EYES ONLY" by a Producing Party constitutes the representation of the Producing Party that it reasonably and in good faith believes that the designated material constitutes or discloses trade secrets, CPNI, or material of such a highly competitive nature that disclosure could cause harm in the marketplace within the meaning of Rule 26(1)(G) that has previously been maintained in confidence, or, if newly created, will be maintained in confidence.  It is expressly understood and agreed by the Parties that they anticipate that they will only designate documents as "ATTORNEYS' EYES ONLY" sparingly, if at all.

Absent written consent from the Producing Party, documents and information designated CONFIDENTIAL TECHNICAL INFORMATION shall not be disclosed to any individual involved in the prosecution of patents or patent applications relating to Voice over Internet Protocol technology or Internet telephony before any foreign or domestic agency, including the United States Patent and Trademark Office.  For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.  To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination or inter parties

reexamination), but does include representing the patent holder in any such proceeding.  Nothing herein, however, is intended to restrict a Producing Party's use of its own documents and information.

CONFIDENTIAL TECHNICAL INFORMATION submitted to the Court shall be under seal and shall bear on the front page in bold print "CONTAINS PRIVILEGED AND CONFIDENTIAL TECHNICAL INFORMATION - DO NOT RELEASE."  CONFIDENTIAL TECHNICAL INFORMATION shall be segregated by the Producing Party from all non-confidential information submitted to the Court.  To the extent a document contains both CONFIDENTIAL TECHNICAL INFORMATION and non-confidential information, the Producing Party shall designate the specific portions of the document claimed to contain CONFIDENTIAL TECHNICAL INFORMATION and shall, where feasible, also submit a redacted version not containing CONFIDENTIAL TECHNICAL INFORMATION.

Documents and things produced without a legend designating the material confidential shall not be CONFIDENTIAL INFORMATION subject to this Protective Order unless agreed by all Parties or ordered by this Court, or otherwise designated confidential in accordance with the provisions of Paragraph 4 of this Protective Order.

3.      Testimony adduced at depositions upon oral examination of current or former directors, officers, employees or agents of a Party, or any witness pursuant to Paragraph 9 below, that constitutes or contains CONFIDENTIAL INFORMATION may be so designated when such testimony is provided or within fifteen (15) days after an official deposition transcript is provided to the designating party.  The Parties agree to mark all copies of such deposition transcripts with the appropriate legend.  The Parties agree to treat all testimony adduced at each deposition as being CONFIDENTIAL or AEO INFORMATION (depending on the highest level of material

used in the deposition) for at least until fifteen (15) days after the deposition transcript is provided. If notice is timely received prior to the expiration of such fifteen (15) days that a Party has designated transcript pages or testimony as "CONFIDENTIAL MATERIAL" or "CONFIDENTIAL" or "ATTORNEYS EYE'S ONLY" such testimony and/or pages shall be deemed CONFIDENTIAL INFORMATION under this Order. All other testimony shall not be subject to this Order.

4.      If a Party or third party, through inadvertence, produces or provides discovery of any CONFIDENTIAL INFORMATION without labeling or marking it with the legend "CONFIDENTIAL MATERIAL" or "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" as provided in Paragraphs 2-3 of this Protective Order, the Producing Party may give written notice to the Receiving Party that the document, thing or other discovery information, response or testimony is CONFIDENTIAL INFORMATION and should be treated as such in accordance with the provisions of this Protective Order. Upon receipt of such notice, and unless such designation is challenged pursuant to Paragraph 15 of this Protective Order, the Receiving Party shall treat such documents, things, information, responses and testimony as CONFIDENTIAL INFORMATION and shall mark the documents or things "CONFIDENTIAL MATERIAL," "CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" and so notify the Producing Party. Prior to receipt of such notice, disclosure of such documents, things, information, responses and testimony to a person not authorized to receive CONFIDENTIAL INFORMATION shall not be deemed a violation of this Protective Order.

5.      Nothing contained in this Protective Order shall be construed to affect or govern the scope of discovery in this action, or to preclude any Party from moving this Court for a further order pursuant to Fed. R. Civ. P. Rule 26(c) or any other provision of the Federal Rules of

Civil Procedure.  Nothing contained in this Protective Order shall be construed to require production or disclosure of any CONFIDENTIAL INFORMATION deemed by counsel for the party possessing such material to be protected from disclosure by the attorney-client privilege or the attorney work product doctrine.

6.      There is no waiver of the attorney-client privilege or the attorney work-product doctrine should document(s) and thing(s) be produced which the Producing Party in good faith asserts are covered by the attorney-client privilege or the attorney work-product doctrine and which were inadvertently produced.  Upon prompt notice by a Producing Party and upon a showing of privilege or protection together with a showing of inadvertent production, the Receiving Party shall immediately return the originals and all copies of the privileged or immune document(s) or thing(s).

7.      Material marked, labeled or otherwise designated "CONFIDENTIAL MATERIAL," "CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" as described in Paragraphs 2 through 4 of this Protective Order may be offered into evidence at hearings on motions and may be used to prepare for and conduct discovery, to prepare for trial and to support or oppose any motion in this action, but shall be subject to Paragraph 8 through 14 below and to any further order regarding confidentiality that this Court may enter.

8.      Material marked, labeled or otherwise designated "CONFIDENTIAL MATERIAL," "CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" as described in Paragraphs 2 through 4 of this Protective Order shall be deemed and treated as CONFIDENTIAL INFORMATION, unless and until this Court rules to the contrary, and one Party's access to another Party's CONFIDENTIAL INFORMATION or AEO INFORMATION and disclosure thereof shall be limited, unless and until this Court rules that there may be further disclosure, to:

(a)       Any in-house counsel of a Party to the extent necessary in the conduct of this litigation or in rendering legal advice in connection with this litigation, and the stenographic, clerical and paralegal employees and agents of said counsel (those whose job includes work with in-house counsel on litigation) whose duties and responsibilities require access to material designated "CONFIDENTIAL MATERIAL" or "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  Each Party must provide to the Producing Party an identification of all in-house counsel to whom disclosure of material designated "CONFIDENTIAL MATERIAL" or "CONFIDENTIAL" or "ATTORNEYS EYE'S ONLY" is made in advance of such disclosure.

(b)       Outside counsel of record for the Parties, and outside counsel's stenographic, paralegal and clerical employees or agents whose duties and responsibilities require access to CONFIDENTIAL INFORMATION or AEO INFORMATION.

(c)       Other outside counsel that are retained or engaged by a Party for purposes of this litigation, and outside counsel's stenographic, paralegal and clerical employees or agents whose duties and responsibilities require access to CONFIDENTIAL INFORMATION or AEO INFORMATION.

(d)       Outside experts (whether retained as testifying or consulting experts) that are retained or engaged by a Party for purposes of this litigation, and outside experts stenographic and clerical employees or agents whose duties and responsibilities require access to CONFIDENTIAL INFORMATION or AEO INFORMATION.

(e)       Current employees of a Party who are not competitive decision makers and only to the extent necessary to provide advice in the conduct of this litigation.  Such individuals, however, may receive "ATTORNEYS' EYES ONLY" information only after the Producing Party is notified in writing of the identity of the individual, her/his title and job duties

at the Party, and any further explanation necessary to establish that the individual is not a competitive decision maker as described herein. A "competitive decision maker" is any officer, director, or employee of a Party who has authority to make business decisions for the Party relating to whether the Party would introduce in any market a new product or service substantially similar to that/those currently offered by the Producing Party, or the Receiving Party's pricing or other material terms of any product or service already offered by both the Producing Party and Receiving Party. The Producing Party may challenge the individual's proposed access to "ATTORNEYS' EYES ONLY" information in writing within five (5) business days of receipt of notification of the intended disclosure by the Receiving Party. The parties shall thereafter try to resolve any disputes in good faith on an informal basis. If the dispute cannot be resolved, the Producing Party shall move the Court to enforce its designation within ten (10) business days of the Parties' failure to resolve the dispute informally. The Producing Party shall have the burden of establishing that the individual should not have access to the material (assuming the Party seeking to disclose the otherwise AEO INFORMATION to a non-attorney employee has made the *prima facie* showing to the Producing Party as contemplated above). The Receiving Party shall refrain from sharing any AEO INFORMATION with the individual until either: (1) five (5) days have passed since the Producing Party has received the notification required by this paragraph and the Producing Party has not challenged the proposed disclosure in accordance with the provisions above or, if the Producing Party does timely challenge the requested disclosure, (2) until the objections raised by the Producing Party have been fully resolved in accordance with the terms of this paragraph, whichever is the later.

(f)     If a Party's counsel wishes to disclose another Party's material designated "CONFIDENTIAL   MATERIAL"   or   "CONFIDENTIAL"   or,   where   appropriate, "ATTORNEYS' EYES ONLY" to counsel not of record pursuant to subpart (c) above, outside Consultants and Experts pursuant to subpart (d) above, or employees pursuant to the subpart (e) above, that Party's counsel shall first obtain a signed Undertaking in the form of the annexed Exhibit A from each such counsel, consultant or employee who would require access to material designated "CONFIDENTIAL MATERIAL" or "CONFIDENTIAL" or Exhibit B from each such counsel, consultant or employee who would require access to material designated "CONFIDENTIAL MATERIAL," "CONFIDENTIAL," and "ATTORNEYS' EYES ONLY." Counsel intending to disclose such material shall retain the original of each such signed Undertaking through the conclusion of this action, including any appeals, and shall make a copy of each such undertaking available at the deposition of any such person who is deposed.

(g)     Nothing in this paragraph restricts a Party from disclosing to its own officers, directors, partners, members or employees CONFIDENTIAL or AEO INFORMATION it has produced or from disclosing CONFIDENTIAL or AEO INFORMATION to any officer, director, partner, member or employee of the Party that produced the CONFIDENTIAL INFORMATION or AEO INFORMATION.

9.     Any Party may, at a deposition or in preparing for a deposition, absent a Court order or agreement to the contrary, disclose CONFIDENTIAL INFORMATION or AEO INFORMATION to: (1) any person identified in Paragraph 8 that is entitled to see such information; or (2) any Party or Signatory to this Protective Order, or any officer, director, partner, member or employee of a Party who has signed an Undertaking in the form of annexed Exhibit A or B and is otherwise entitled to see such documents.  Copies of CONFIDENTIAL

INFORMATION or AEO INFORMATION shown to such Signatory or to such officer, director, partner, member or employee of a Party (that is entitled to see such documents) in preparation for his or her deposition may be retained during preparation for the deposition, but Signatories or such officers, directors, partners, members, or employees of a party must return all CONFIDENTIAL INFORMATION or AEO INFORMATION used in the deposition preparation within five (5) business days of reading and signing the deposition transcript. Nothing in this sub-paragraph restricts a Party from disclosing to its own officers, directors, partners, member or employees CONFIDENTIAL INFORMATION it has produced or from disclosing CONFIDENTIAL INFORMATION to any officer, director, partner, member or employee of the Party that produced, drafted, or previously received the CONFIDENTIAL INFORMATION.

     (a)    Nothing in this Protective Order shall prohibit a Party from using CONFIDENTIAL INFORMATION or AEO INFORMATION produced, drafted, or previously received by a Party in a deposition of that Party or any officer, director, employee, expert of agent of that Party.

     (b)    Third parties who produce documents in this case, pursuant to subpoenas or otherwise, may elect to become Signatories to this Protective Order by executing an Election in the form of the attached Exhibit C.  Such third parties shall then enjoy the benefits of this Protective Order as to the protection of CONFIDENTIAL INFORMATION or AEO INFORMATION produced by said third parties, and they shall also be bound by the obligations of this Protective Order, including the obligation to maintain the confidentiality of CONFIDENTIAL INFORMATION or AEO INFORMATION.  With respect to any such third

party, the provisions of Paragraph 9(a) shall apply with respect to depositions and preparation for depositions.

(c)     This Protective Order does not limit the right of a Party to offer CONFIDENTIAL INFORMATION or AEO INFORMATION into evidence at trial, or to use it for any other lawful trial purpose including impeachment.   A Party may seek advance determination by the Court of the admissibility or non-admissibility of CONFIDENTIAL INFORMATION or AEO INFORMATION.   The Court may apply restrictions, as it deems appropriate, on the manner of use of CONFIDENTIAL INFORMATION or AEO INFORMATION at trial, on re-publication of CONFIDENTIAL INFORMATION or AEO INFORMATION introduced at trial, and on public access to CONFIDENTIAL INFORMATION or AEO INFORMATION introduced at trial.

(d)     Subject to the Federal Rules of Evidence, documents stamped CONFIDENTIAL MATERIALS or CONFIDENTIAL or ATTORNEYS' EYES ONLY and any other CONFIDENTIAL INFORMATION may be offered in evidence at trial or any Court hearing.   Any party may move the Court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure.

10.     Any corporation or entity which is affiliated with any of the Parties and which produces documents or information responsive to the Parties' discovery requests is a third-party beneficiary of this Protective Order and may pursue all civil remedies available to it for breach thereof.

11.     In the event that the Parties desire to provide access to or disseminate any documents or things, including CONFIDENTIAL INFORMATION or AEO INFORMATION, to any person not otherwise entitled to access under this Protective Order, the Parties may agree

to allow such access or any Party may move the Court for an Order that such person be given access thereto.   In the event that the motion is granted, such person may have access to CONFIDENTIAL INFORMATION or AEO INFORMATION after first signing an Undertaking in the form of Exhibit A or B, as appropriate.   Counsel seeking disclosure of such CONFIDENTIAL INFORMATION or AEO INFORMATION shall retain the original of each such signed Undertaking through the conclusion of this action, including any appeals.

12.   Material designated "CONFIDENTIAL MATERIAL," "CONFIDENTIAL," or "ATTORNEYS EYE'S ONLY" including all information derived therefrom and all copies, summaries, abstracts, excerpts, indices and descriptions of such material shall be held in confidence, shall not be made public by any Party or person entitled under the terms of this Protective Order to access such material, and shall not be used for any financial, commercial, marketing, business or other competitive purpose.

13.   If CONFIDENTIAL INFORMATION or AEO INFORMATION is disclosed to or comes into the possession of any person other than in the manner authorized by this Protective Order, any Party becoming aware of such disclosure shall immediately inform the Producing Party of all pertinent facts relating to such disclosure and shall instruct each unauthorized person to treat such information as confidential and demand that it be returned.

14.   If any material designated "CONFIDENTIAL MATERIAL" or "CONFIDENTIAL" or "ATTORNEYS EYE'S ONLY" is to be filed with the court in connection with any proceedings in this action, such material shall be filed with the Clerk of the Court in sealed envelopes or containers prominently marked with the caption of the case, a general description of the contents of the envelope or container and the notation:

**CONTAINS   CONFIDENTIAL   INFORMATION   COVERED   BY PROTECTIVE ORDER TO BE OPENED ONLY (1) BY OR AS**

**DIRECTED BY THE COURT OR (2) BY WRITTEN AGREEMENT OF THE PARTIES.**

If a Party anticipates the disclosure, at an oral court hearing, of a document marked "CONFIDENTIAL MATERIAL," "CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" that has not been filed under seal, the Party seeking to use such material shall provide notice to the Producing Party prior to the hearing. The parties may also file the documents through the Court's electronic filing system so long as the system provides for the protection of confidential information from disclosure to the public.

15. The acceptance of material designated "CONFIDENTIAL MATERIAL," "CONFIDENTIAL," or "ATTORNEYS EYES' ONLY" shall not constitute an admission or concession, or permit an inference that such material is, in fact, confidential. Any Party may challenge the confidential designation of material as not confidential. Such challenge must be in writing. If the status of any material or information that has been designated "CONFIDENTIAL MATERIAL," "CONFIDENTIAL," or "ATTORNEYS EYES' ONLY" is challenged, the Producing Party shall have ten (10) business days after receipt of the written challenge to object in writing to the challenge. The parties shall thereafter try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the Producing Party shall move the Court to enforce its designation within ten business days of the parties' failure to resolve the dispute informally. The Producing Party shall have the burden of establishing that the CONFIDENTIAL INFORMATION or AEO INFORMATION should not be declassified. If there is no written objection to the initial written challenge within five (5) business days thereof, the challenged material shall become non-confidential.

16. This Protective Order shall not be construed to prevent the Parties from applying to this Court for relief therefrom, or from applying to this Court for further or additional

protective orders, or from agreeing between themselves to modifications of this Protective Order, subject to the approval of this Court. The Protective Order shall not preclude the Parties from enforcing their rights against any other Party or any non-party believed to be violating their rights. It is expressly understood between counsel for the parties that the category of personnel set forth in Paragraph 8 supra may be increased by agreement or upon a showing, subject to the approval of this Court, by any Party that such modification is necessary.

17.    Upon final termination of the action, including all appeals, the Receiving Party may retain at its outside counsel of record in its case documents, things, copies and samples to the extent they include or reflect the receiving attorney's work product. Such outside counsel may also retain a complete set of all documents filed with the Court in this action and all depositions and exhibits thereto. With respect to any such retained material, this Protective Order shall survive the final termination of this action to the extent the information in such material is not or does not become known to the public and continue to be binding upon all persons to whom CONFIDENTIAL INFORMATION or AEO INFORMATION is disclosed hereunder. Within thirty (30) days of final termination of this action, including all appeals, if a Producing Party requests that the Receiving Party do so, all copies and samples of material produced in these actions, including materials designated "CONFIDENTIAL MATERIAL," "CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" and any other summaries, abstracts, excerpts, indices and descriptions of such material and information derived from such material that are recorded in any tangible form, (1) shall be assembled (except for any that may be retained by the Court) and returned to the Producing Party's counsel, along with a certification in writing that all such materials have been returned; or (2) the Receiving Party may alternatively destroy all such materials and certify in writing the destruction thereof. Accordingly, if a

Producing Party has requested return or destruction, upon final termination of this action, no one, other than outside counsel of record in this case as described herein, shall retain any copies or samples of any material designated "CONFIDENTIAL MATERIAL," "CONFIDENTIAL," or "ATTORNEYS' EYES ONLY."

18.     The restrictions and obligations set forth herein relating to material designated "CONFIDENTIAL MATERIAL," "CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" shall not apply to any information which: (a) the Parties agree should not be designated as "CONFIDENTIAL MATERIAL," "CONFIDENTIAL," or "ATTORNEYS' EYES ONLY"; (b) the Parties agree, or this Court rules, is already public knowledge; (c) the Parties agree, or this Court rules, has become public knowledge other than as a result of disclosure by the Receiving Party, its employees or agents in violation of this Protective Order; or (d) has come or shall come into the Receiving Party's legitimate knowledge or possession independently of the production by a Party under conditions such that its use and/or public disclosure by the Receiving Party would not violate some obligation to another.  The burden of proving prior knowledge is upon the Party asserting such prior knowledge.  Such restrictions and obligations shall not be deemed to prohibit discussions with any person of any material designated "CONFIDENTIAL MATERIAL," "CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" if that person already has or obtains legitimate possession thereof.

19.     Nothing in this Protective Order shall bar or otherwise restrict any attorney herein from rendering legal advice to the attorney's party-client with respect to this action, and in the course thereof, relying upon an examination of "CONFIDENTIAL INFORMATION" and/or "ATTORNEYS' EYES ONLY"; provided, however, that in rendering such legal advice and in otherwise communicating with the party-client, the attorney shall not disclose any

"CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" to anyone not authorized to receive such information pursuant to the terms of this Protective Order.

20.    This Protective Order may be executed in counterparts and by facsimile, with all counterpart and facsimile signatures deemed to be part of one document.

**IT IS ORDERED:    But see L.R. 79-5.**

Dated: _____1/7/2011_____          _Chudie с Witt_ _____
                                   United States District Court
                                   Northern District of California

**Agreed by the Parties:**

By: _ /s/ David Bayles _____          By: _ /s/ Marie L. Fiala _____
David Bayles                            Marie L. Fiala (SBN 79676)
ARENT FOX LLP                           SIDLEY AUSTIN LLP
David Bayles, Bar No. 208112            Van Swearingen (SBN 259809)
bayles.david@arentfox.com               California Street, Suite 2000
Michael S. Cryan, Bar No. 249507        San Francisco, CA 94104-1715
cryan.michael@arentfox.com              Telephone No.: (415) 772-1200
555 West Fifth Street, 48th Floor       Facsimile No.: (415) 772-7400
Los Angeles, CA 90013-1065
Telephone:    213.629.7400              David L. Lawson (*pro hac vice*)
Facsimile:    213.629.7401              Michael J. Hunseder (*pro hac vice*)
                                        SIDLEY AUSTIN LLP
Ross A. Buntrock (*pro hac vice*)       1501 K Street, N.W.
G. David Carter (*pro hac vice*)        Washington, D.C. 20005
Arent Fox LLP                           Telephone No.: (202) 736-8000
1050 Connecticut Avenue, NW             Facsimile No.: (202) 736-8711
Washington, DC 20036
202-857-6000                            David Carpenter (*pro hac vice*)
buntrock.ross@arentfox.com              SIDLEY AUSTIN LLP
carter.david@arentfox.com               One South Dearborn Street
                                        Chicago, IL 60603 555
                                        Telephone No.: (312) 853-7000
Of counsel:                             Facsimile No.: (312) 853-7036

Russell M. Blau                         Attorneys for Defendants & Counterclaimants
Bingham McCutchen LLP                   AT&T CORP. and BELLSOUTH LONG
2020 K Street NW                        DISTANCE, INC
Washington, DC 20006
202.373.6035
russell.blau@bingham.com

Attorneys for Plaintiff
YMAX COMMUNICATIONS CORP.

## EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| YMAX COMMUNICATIONS CORP., <br><br> Plaintiff, <br><br> v. <br><br> AT&T CORP. AND BELLSOUTH LONG DISTANCE, INC., <br><br> Defendants. | Case No.  4:10-CV-4115-CW |

UNDERTAKING OF _____

STATE OF_____   )
                        )  ss:
COUNTY OF_____     )


I, being duly sworn, state that:

1.   My present address is _____.  My present employer is _____, and the address of my present employer is _____.  My present occupation is _____.

2.   I have received a copy of the Protective Order in this action.  I have carefully read and understand the provisions of the Protective Order.

3.   I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of the above-entitled action, any CONFIDENTIAL

INFORMATION, including the substance and any copy, summary, abstract, excerpt, index or description of such material that is disclosed to me.

4.      I will return all CONFIDENTIAL INFORMATION that comes into my possession, and all documents and things that I have prepared relating thereto, to counsel for the Party by whom I am employed or retained or from whom I received such material when requested to do so.

5.      I understand that if I violate the provisions of the Protective Order, I will be subject to sanctions by the Court, and that the Producing Party may assert other remedies against me.  I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

_____

Sworn to and subscribed before me

this \_\_\_\_ day of _____, 20\_\_

_____

Notary Public

My commission expires _____

**EXHIBIT B**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| YMAX COMMUNICATIONS CORP., <br><br>          Plaintiff, <br><br> v. <br><br> AT&T CORP. AND BELLSOUTH LONG DISTANCE, INC., <br><br>          Defendants. | Case No.  4:10-CV-4115-CW |

I, _____, being duly sworn, state that:

1.      My present address is _____.  My present employer is

_____, and the address of my present employer is

_____.          My      present      occupation      is

_____.

2.      I have received a copy of the Protective Order in this action.  I have carefully read

and understand the provisions of the Protective Order.  By signing below, I certify that I

am eligible to review both CONFIDENTIAL and ATTORNEYS EYES ONLY material.

3.      I will comply with all of the provisions of the Protective Order.  I will hold in

confidence, will not disclose to anyone not qualified under the Protective Order, and will

use only for purposes of the above-entitled action, any CONFIDENTIAL or AEO

INFORMATION, including the substance and any copy, summary, abstract, excerpt,

index or description of such material that is disclosed to me.

4.      I will return all CONFIDENTIAL or AEO INFORMATION that comes into my

possession, and all documents and things that I have prepared relating thereto, to counsel

for the Party by whom I am employed or retained or from whom I received such material when requested to do so.

5.     I understand that if I violate the provisions of the Protective Order, I will be subject to sanctions by the Court, and that the Producing Party may assert other remedies against me.   I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.


_____

Sworn to and subscribed before me

this \_\_\_\_ day of _____, 20\_\_

_____
Notary Public

My commission expires _____

**EXHIBIT C**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| YMAX COMMUNICATIONS CORP., | |
| Plaintiff, | |
| v. | Case No.  4:10-CV-4115-CW |
| AT&T CORP. AND BELLSOUTH LONG DISTANCE, INC., | |
| Defendants. | |

**ELECTION OF NON-PARTY TO PARTICIPATE IN PROTECTIVE ORDER**

NAME OF NON-PARTY:    _____

I, being duly sworn, state that:

1.    My present address is _____.  My present employer is _____,  and  the  address  of  my  present employer is _____.  My present occupation is _____.

2.    I have received a copy of the Protective Order in this action.  I have carefully read and understand the provisions of the Protective Order.

3.    I  hereby  elect  to  become  a  Signatory  to  the  Protective  Order.    Any CONFIDENTIAL  or  AEO  INFORMATION  produced  by  me  will  be  so designated in accordance with the terms of the Protective Order, and will receive the protections set forth in the Protective Order.  I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of

the above- entitled action, any CONFIDENTIAL or AEO INFORMATION, including the substance and any copy, summary, abstract, excerpt, index or description of such material that is disclosed to me.

4.     I will return all CONFIDENTIAL or AEO INFORMATION that comes into my possession, and all documents and things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained or from whom I received such material when requested to do so.

5.     I understand that if I violate the provisions of the Protective Order, I will be subject to sanctions by the Court, and that the Producing Party may assert other remedies against me.  I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.


_____


Sworn to and subscribed before me

this \_\_\_\_ day of _____, 20\_\_

_____

Notary Public

My commission expires _____

23