IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YMAX COMMUNICATIONS, CORP.,<br><br>          Plaintiff,<br><br>     v.<br><br>AT&T CORP. and BELLSOUTH LONG DISTANCE, INC.,<br><br>          Defendants.<br>_____/<br>AT&T CORP. and BELLSOUTH LONG DISTANCE, INC.,<br><br>          Counter-Claimants,<br><br>     v.<br><br>YMAX COMMUNICATIONS, CORP.,<br><br>          Counter-Defendant,<br>_____/ | No. C 10-04115 CW<br><br>ORDER DENYING WITHOUT PREJUDICE YMAX COMMUNICATION CORP.'S MOTIONS TO DISMISS AT&T'S COUNTERCLAIMS, TO STRIKE AT&T'S AFFIRMATIVE DEFENSES, AND FOR PARTIAL SUMMARY JUDGMENT AND GRANTING AT&T'S MOTION TO STAY (Docket Nos. 25 and 34) |

     As stated at the January 13, 2011 hearing on the parties' motions, the Court rules as follows.

     The Court DENIES without prejudice Plaintiff and Counter-Defendant YMax Communication Corp.'s motions to dismiss Defendant and Counter-Claimant AT&T's counterclaims and strike AT&T's affirmative defenses.  Pursuant to Federal Rule of Civil Procedure 56(d), the Court DENIES without prejudice YMax's motion for partial summary judgment.  In accordance with the Case Management Order, YMax may move for summary judgment against AT&T on December 15, 2011.

     The Court finds that the equities weigh in favor of staying this action pending the parties' proceedings before the Federal

Communications Commission (FCC). The FCC's decision with respect to AT&T's formal complaint will assist in resolving this action. Accordingly, the Court GRANTS AT&T's motion to stay pending the FCC's resolution of its formal complaint. Pursuant to its inherent power to do so, the Court STAYS all proceedings in this action. See Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863-64 (9th Cir. 1979). The court-connected mediation, however, will go forward on or before March 14, 2011.

On May 6, 2011, the parties shall file a joint status report, briefing the Court on: (1) the status of YMax Communications, Corp. v. MCI Communications Services, Inc. d/b/a Verizon Business Services, Case No. C 10-4298 SBA (N.D. Cal.); (2) the status of the FCC proceedings on AT&T's formal complaint and any anticipated future proceedings on the matter; and (3) the impact of the FCC proceedings on the timeline established in the Case Management Order. In the alternative, any of the parties may file a motion to lift the stay in this action if changed circumstances provide good cause to do so, or the parties may stipulate to lift the stay.

When the stay is lifted, the dates set at the case management conference will apply unless the Court changes them by motion or stipulation of the parties.

IT IS SO ORDERED.

Dated: 1/14/2011

CLAUDIA WILKEN
United States District Judge